IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

        Plaintiff,

    v.

ROLAND ADAMS,

        Defendant.
_____/

CR. NO. S-2-0257 EJG

ORDER DEFERRING RULING ON MOTION FOR NEW TRIAL; DENYING MOTION FOR STAY OF ENFORCEMENT OF JUDGMENT

    This matter is before the court on defendant's motion for a new trial, as amended May 11, 2006, and motion for stay of proceedings. By way of background, defendant was convicted on August 18, 2003, following his pleas of guilty to two counts of a multiple count indictment. Specifically, defendant pled guilty to one count of conspiracy to commit mail and wire fraud and one count of conspiracy to commit money laundering. Pursuant to the terms of his plea agreement, defendant waived jury trial on Counts Nine and Ten of the Indictment, charging criminal forfeiture, and on August 29, 2003, following a bench trial, defendant was convicted of those counts as well.

1

On March 15, 2005, some eighteen months after conviction, and following several changes of counsel, resolution of a motion to withdraw guilty plea, and entry of judgment and sentence, defendant filed a notice of appeal from the convictions and sentence. Now, while the appeal is pending, defendant has filed the instant motions for new trial on the forfeiture counts and for a stay of enforcement of judgment.[1]

Before the court can consider the merits of the pending motions, defendant's representational status must be determined. Defendant has filed the motions in pro per and purports to represent himself. In his declaration, defendant requests that the motions be heard pursuant to Faretta v. California. However, he is presently represented by retained counsel, Charles Bonneau, who represented defendant at sentencing and currently represents him on appeal.

"A criminal defendant does not have an absolute right to both self-representation and the assistance of counsel." United States v. Halbert, 640 F.2d 1000, 1009 (9th Cir. 1981). "While effective legal counsel is an essential legal right found in the Sixth Amendment, and the right to appear *pro se* is guaranteed by [federal statute and case law], the two rights are disjunctive."

---

[1] The court is aware that the pendency of an appeal does not divest the district court of jurisdiction to consider the motion for a new trial. It may, in its discretion, defer the motion or deny it. United States v. Coleman, 688 F.2d 663, 664 (9th Cir. 1982). It is only if the district court is inclined to grant the motion that defendant must request a remand of the case from the appellate court. Id.

2

<u>Id</u>.  If defendant wishes to terminate the services of his retained counsel and proceed *pro se*, he must make a knowing and intelligent relinquishment of his Sixth Amendment right to counsel.  See <u>United States v. Kienenberger</u>, 13 F.3d 1354, 1356 (9th Cir. 1994); <u>Faretta v. California</u>, 95 S.Ct. 2525, 2541 (1975).  On the present record, he has not done so.  Alluding to the <u>Faretta</u> case as a basis for his motion is insufficient to establish a knowing and intelligent waiver of his right to counsel.

In the instant case, defendant states that his retained counsel will not represent him on the motion for new trial.  The reasons are not abundantly clear but appear to concern the scope of the retainer agreement.  Under current Ninth Circuit law, defendant is entitled to representation on a motion for new trial, absent a showing of bad faith.  See <u>Menefield v. Borg</u>, 881 F.2d 696, 700 (9th Cir. 1989)(Under California law, motion for new trial is critical stage entitling defendant to right to counsel); <u>United States v. Del Muro</u>, 87 F.3d 1078, 1080 (9th Cir. 1996) (extends right to counsel to federal new trial motion).  If defendant's retained counsel is not representing defendant on his motion for new trial, defendant must either request appointed counsel for purposes of representation on that motion, or waive his rights to counsel in accordance with <u>Faretta</u>.

Based on the current record, the court lacks sufficient information to determine defendant's representational status.

3

Accordingly, the motion for new trial is DEFERRED, pending resolution of defendant's appeal.  The motion for a stay of enforcement of judgment, brought pursuant to Federal Rule of Civil Procedure 62(b) is inapposite to these criminal proceedings and, on that basis is DENIED.

    IT IS SO ORDERED.

Dated: June 2, 2006

                        /s/ Edward J. Garcia
                        _____
                        EDWARD J. GARCIA, JUDGE
                        UNITED STATES DISTRICT COURT