IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

        Plaintiff,

    v.                         CR. NO. S-02-0257 EJG

ROLAND ADAMS,

        Defendant.
_____/

UNITED STATES OF AMERICA,

        Plaintiff,

    v.                         CR. NO. S-02-0560 EJG

ROLAND ADAMS,

                                           ORDER AFTER HEARING

        Defendant.
_____/

    This matter was before the court on October 6 and October 10, 2006 for a status conference, following a partial remand from the Ninth Circuit Court of Appeals.  Assistant U.S. Attorney Camil Skipper appeared on behalf of the United States.  Defendant Roland Adams appeared in propria persona.  Michael Bigelow appeared as potential appointed counsel for defendant.  Bruce Locke appeared on behalf of claimant Bodisere Okonma.  After hearing, the court enters the following order.

1

BACKGROUND

Defendant was charged in June 2002 in a 10-count indictment, Cr. No S-02-0257 EJG, hereafter referred to as the "fraud case", with one count conspiracy to commit mail and wire fraud, five counts of wire fraud, one count conspiracy to launder money, one count money laundering, and two counts of criminal forfeiture. In December of 2002, defendant was charged in a two-count indictment, Cr. No. S-02-0560 EJG, hereafter referred to as the "immigration case", with one count unlawful procurement of citizenship or naturalization, and one count making a false statement.

On August 18, 2003, defendant pled guilty, pursuant to a plea agreement, to two counts of the fraud case: Count One, conspiracy to commit mail and wire fraud; and Count Seven, conspiracy to launder money.  As part of the plea agreement defendant waived his right to a jury trial on the forfeiture counts, and waived his right to appeal and collateral attack of his conviction and sentence. In exchange for the pleas of guilty, the government agreed to dismiss Counts Two - Six and Count Eight.

Prior to commencement of the court trial on the forfeiture counts, defendant stipulated to forfeiture of all assets listed in the fraud indictment, except one.  The case proceeded to trial before the court on the remaining asset, real property consisting of defendant's residence.

2

On September 29, 2003, following the bench trial, the court entered its decision finding defendant guilty on counts Nine and Ten, and ordering the forfeiture of the remaining asset, defendant's residence.  Shortly thereafter, defendant moved to withdraw his guilty pleas to Counts One and Seven.  The motion was denied following an evidentiary hearing April 9, 2004.  On April 12-14, 2004, defendant proceeded to jury trial on the immigration case.  The jury found defendant guilty on both counts of the indictment.

On March 11, 2005 defendant was sentenced on both cases to a total term of 97 months incarceration, 36 months supervised release, and restitution of $1.2 million.  The preliminary order of forfeiture, filed October 10, 2003, became final February 11, 2005, was made part of defendant's sentence and was incorporated into the judgment and conviction in its entirety.

Defendant appealed his sentence and convictions.  By order filed June 29, 2006, the Ninth Circuit affirmed the convictions and sentence in all respects except one – the forfeiture order was vacated and remanded.[1]

---

[1] Specifically, the appellate court stated: "Adams raises a host of other challenges to his convictions and sentence.  None has merit.  Adams convictions and sentence are AFFIRMED, except that we VACATE the district court's forfeiture order and REMAND for further proceedings consistent with this disposition."  United States v. Adams, Nos. 05-10175, 05-10176 (9th Cir., filed June 29, 2006).

3

During the course of the proceedings, defendant has been represented by eleven different attorneys. Despite the plethora of counsel, defendant has filed and continues to file numerous documents in <u>propria persona</u>. The status conference was held, in part, to address the spate of filings as well as to discuss how to proceed on the remanded portion of the case.[2]

## DISCUSSION

For ease of reference, the court has separated the filings into three categories. First, those relating to the fraud counts to which defendant pled guilty. Second, those relating to the forfeiture portion of the fraud case, both the asset tried to the court and the assets to which forfeiture was stipulated. Third, those relating to the immigration case. Future proceedings on the remanded portion of the case will be addressed as well.

I. <u>Fraud case - Counts 1 & 7</u>

Defendant filed the following documents in connection with this portion of the fraud case:

      a) motion to correct sentence on Count 7;
      b) letter entitled "Court Ordered Restitution";
      c) section 2255 motion; and
      d) motion to withdraw guilty plea.

a) Defendant's "Motion To Correct Sentence On Count Seven" was filed September 5, 2006. At the status conference defendant made an oral request for representation on this motion, as well

---

[2] In fact, defendant is filing motions and other requested forms of relief faster than the court can respond to them. In the last week alone, defendant has filed five additional documents.

4

as several others, which request was DENIED.  The court writes now to set forth its reasoning for denying the request.

A defendant has no constitutional right to appointed counsel in post-conviction proceedings.  A motion made after conviction and sentence, and after appeal, is a post-conviction motion.  The Sixth Amendment right to counsel extends only through the first appeal.  Coleman v. Thompson, 501 U.S. 722, 755-57 (1991); Pennsylvania v. Finley, 481 U.S. 551, 555 (1987).  However, if the court in its discretion determines "the interests of justice so require", counsel may be appointed.  18 U.S.C. § 3006A(a)(2)(B).  After reviewing defendant's motion, the court has concluded that the interests of justice do not warrant representation at this time.  It is neither legally nor factually complex, nor has defendant demonstrated that he is not capable of presenting his position and advocating on his own behalf. Accordingly, his request for representation on this motion is DENIED.

For reasons discussed below in section V, briefing on the motion to correct sentence on Count Seven will be held in abeyance pending resolution of the remanded portion of the case.

b) In a letter directed to the court and filed August 11, 2006, defendant raises issues related to the payment of restitution.  This letter is referred to the Probation Office for response.

5

c) A section 2255 motion to vacate, set aside or correct sentence in this portion of the fraud case was filed July 10, 2006.  For reasons discussed below in section V, briefing on the section 2255 motion will be held in abeyance pending resolution of the remanded portion of the case.

d) A motion to withdraw guilty plea was filed September 8, 2006.  For reasons discussed below in section V, briefing on the motion to withdraw guilty plea will be held in abeyance pending resolution of the remanded portion of the case.

II.   Fraud case - forfeiture order

Defendant filed the following documents in connection with the forfeiture portion of the fraud case:

  a) motion for new trial;
  b) motion to proceed pro se;
  c) motion to dismiss Counts 9 & 10;
  d) motion requesting return of 529 account funds; and
  e) petition for ancillary hearing.

a) The motion for new trial was filed by defendant on April 19, 2006, some thirteen months after judgment and sentence and while the appeal was pending.  Accordingly, by order filed June 5, 2006, the court advised defendant that a ruling on the motion was deferred until after resolution of the appeal.  In addition, the court raised the possibility that defendant might be entitled to appointed counsel in connection with his motion, citing Ninth Circuit authority for the proposition that motions for new trial were considered a critical stage of the proceedings at which a defendant's sixth amendment rights were implicated.  See United

States v. Del Muro, 87 F.3d 1078 (9th Cir. 1996); Menefeld v. Borg,881 F.2d 696 (9th Cir. 1989).

After researching the matter further, the court concluded that defendant's new trial motion, filed more than a year after judgment and sentence, was too late to be considered a critical stage of the proceedings.  Unlike Menefeld and Del Muro, where the motions were made before the filing of an appeal and within seven days after conviction, defendant's motion for new trial was made after direct appeal and is akin to a post-conviction collateral attack to which no constitutional right to counsel attaches.  United States v. Harrington, 410 F.3d 598, 600 (9th Cir. 2005).  Therefore, contrary to his assertions at the status conference, defendant has no constitutional right to counsel in connection with his new trial motion.  As noted in an earlier section of this order, the decision to appoint counsel in a situation when it is not required by the constitution, rests within the discretion of the district court.  In this instance, the court declines to exercise its discretion and appoint counsel, finding that the interest of justice do not so require.  Moreover, since the forfeiture portion of the fraud case, specifically the forfeiture order, has been vacated and remanded to this court for further proceedings, defendant's motion for a new trial is premature and is DENIED on that basis.

b) Defendant filed a motion seeking to proceed pro se, for an investigator and advisory counsel, in connection with the

7

forfeiture portion of the fraud case. However, at the status conference, defendant elected to accept appointed counsel to represent him on the remand, thereby effectively withdrawing this motion. As noted at the status conference, the court finds that defendant is entitled to representation in connection with the remanded portion of the case. Michael Bigelow, a member of the Indigent Criminal Defense Panel, is appointed in this regard.

   c & d) The other motions defendant has filed relating to the forfeiture portion of the fraud case, a motion to dismiss counts Nine & Ten, and a motion for return of 529 account funds, come within the bailiwick of appointed counsel Mr. Bigelow. Without commenting on the merit or lack thereof of the motions, it shall be up to Mr. Bigelow to decide whether and in what manner to pursue them. Defendant is cautioned that the court does not allow hybrid representation. "A defendant has the right to represent himself or herself pro se or to be represented by an attorney . . . . However, a 'defendant does not have a constitutional right to *hybrid* representation.'" United States v. Olano, 62 F.3d 1180, 1193 (9th Cir. 1995), quoting United States v. Kienenberger, 13 F.3d 1354, 1356 (9th Cir. 1994). As long as he remains represented by counsel on the remanded portion of the case, any documents defendant files on his own behalf relating to the forfeiture issues will not be considered.

   e) Third parties World Savings Bank and Bodisere Okonma have filed petitions seeking an ancillary hearing regarding their

8

interest in the forfeited real property.  Because the forfeiture order has been vacated, the status of the real property is unknown at the present time.  Accordingly, the petitions are held in abeyance until such time as the court has resolved the forfeiture portion of the case.  In that connection, the court has not and will not sign at this time an order approving the October 3, 2006 Stipulation for Expedited Settlement Agreement between the government and World Savings Bank.

   III. Immigration case

   Defendant filed the following documents in connection with the immigration case:

   a) motion for new trial; and
   b) section 2255 motion.

   a) The motion for new trial was filed by defendant on July 3, 2006, some sixteen months after judgment and sentence, five days after the Ninth Circuit issued its decision affirming the conviction, and three weeks prior to that court's entry of judgment on the appeal.  Nonetheless, defendant insists his motion is timely for purposes of triggering the right to appointed counsel.  As discussed earlier in this order, the sixth amendment right to counsel is only implicated on a motion for new trial when the motion is timely made, prior to the appellate process.  See United States v. Harrington, 410 F.3d 598, 600 (9th Cir. 2005).  Therefore, defendant's request for counsel on this motion, made at the status conference, and in an October 23, 2006

9

filing, is DENIED.  For reasons discussed below in Section V, briefing on the motion for new trial on the immigration case will be held in abeyance pending resolution of the remanded portion of the case.

    b) <u>Section 2255 Motion</u>

On October 24, 2006, after the status conference, but before the issuance of this order, defendant filed a section 2255 motion to vacate, set aside or correct sentence on the immigration case. For reasons addressed below in section V, the section 2255 motion will be held in abeyance pending resolution of the remanded portion of the case.

    IV.  <u>Proceedings on Remand</u>

The government and Mr. Bigelow are directed to meet and confer between themselves and in consultation with the court's deputy courtroom clerk, and select a date for a further status conference concerning the remanded portion of the case.  Status reports detailing each party's plan on how to proceed shall be filed seven days prior to the conference.

    V.  <u>Scheduling</u>

The court believes the most efficient manner in which to proceed with this case is in small measured chunks.  Therefore, all motions not connected with the remanded portion of the case and which were not resolved in this order will be held in abeyance.  This includes defendant's recently filed motions not specifically addressed in this order, including a motion for re-

sentencing on both cases, and a motion requesting a transcript of the status conference and for a copy of the government's trial brief.

CONCLUSION

1.  To the extent defendant has requested appointment of counsel on all motions he has filed, the request is denied. Rather, the court, on its own initiative and with the concurrence of defendant, appoints counsel Michael Bigelow to represent defendant in connection with the remanded portion of the case, only.

2. The motion for new trial on Counts Nine & Ten (the forfeiture portion of Cr. No. 02-0257 EJG), is DENIED as premature, that portion of the case having been remanded.

3.  The motion to proceed pro se, for an investigator, and for advisory counsel on Counts Nine & Ten is deemed WITHDRAWN.

4. The motions to dismiss Counts Nine & Ten, and for a return of 529 account funds, are DENIED without prejudice should appointed counsel decide to renew them.

5.  All other presently pending motions, including those for ancillary hearings filed by third party claimants, are held in abeyance until the remanded portion of the case has been resolved.

6.  The Clerk is directed to add Mr. Bigelow to the service list and to serve a copy of this order on the following persons: Assistant U.S. Attorney Camil Skipper, Michael Bigelow (appointed

attorney for defendant on the remanded portion of Cr. No 02-257), defendant Roland Adams, Bruce Locke (attorney for Bodisere Okonma), Sharon Dutton (attorney for World Savings Bank), the United States Probation Office, and the United States Marshal's Office.

    7.  The writ issued to bring defendant to court for the status conference is now discharged and he may be returned after October 31, 2006 to the Federal Correctional Institution where he is serving his sentence.

    IT IS SO ORDERED.

Dated: October 30, 2006

                        /s/ Edward J. Garcia
                        EDWARD J. GARCIA, JUDGE
                        UNITED STATES DISTRICT COURT