1  BENJAMIN B. WAGNER
   United States Attorney
2  CAMIL A. SKIPPER
   KEVIN C. KHASIGIAN
3  Assistant U.S. Attorneys
   501 I Street, Suite 10-100
4  Sacramento, California  95814
   Telephone:  (916) 554-2700
5



**FILED**

NOV _1 2012

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
DEPUTY CLERK

6

7

8

9          IN THE UNITED STATES DISTRICT COURT FOR THE

10              EASTERN DISTRICT OF CALIFORNIA

11

12  | UNITED STATES OF AMERICA, | ) | 2:02-CR-00257 EJG |

            Plaintiff,              )      *AMENDED* STIPULATION FOR
13                                   )      EXPEDITED SETTLEMENT
        v.                          )      AGREEMENT AND ORDER
14                                   )      THEREON
    ROLAND ADAMS,                   )
15        aka Peter Brown,          )
          aka Harold Whiteker,      )
16                                   )
            Defendant.              )
17  _____)

18       IT IS HEREBY STIPULATED by and between the United States of America and

19  petitioner Wells Fargo Home Mortgage ("Wells Fargo")[1] to compromise and settle its

20  interest in the following property (hereafter, the "Property"):

21              Real property located in Sacramento County at 9501 Misty
                River Way, Elk Grove, California, Assessor's Parcel Number
22              127-0540-109 and more fully described as:

23              Lot 68, as shown on the Vesting Map of Tributary Pointe Unit
                A, Village 6B recorded on July 10, 2000, in Book 273 of Maps,

24  _____

25       1 World Savings Bank, FSB was the original lender designated on the Deed of
    Trust.  However, World Savings Bank, FSB was acquired by Wachovia Corporation and
26  the loan became part of Wachovia Mortgage.  Wachovia Mortgage is now a part of Wells
    Fargo Home Mortgage, a division of Wells Fargo Bank, N.A.  On or about January 20,
27  2012 through January 23, 2012, Roland Adams' Wachovia Mortgage loan changed to
    Wells Fargo Home Mortgage.
28
                                       1                    *Amended* Stipulation for Expedited
                                                            Settlement & Order

1    Map No. 10, records of Sacramento County.

2        This stipulated settlement is entered into between the parties pursuant to the

3    following terms:

4        1. The parties to this Agreement hereby stipulate that Wells Fargo had a prior

5    vested or superior interest in the Property or was a bona fide purchaser for value of the

6    right, title, or interest in the Property.

7        2. The United States agrees that upon entry of a Final Order of Forfeiture

8    forfeiting the Property to the United States and sale of the Property pursuant to the

9    Final Order of Forfeiture, the United States will not contest payment to Wells Fargo

10   from the proceeds of sale, after payment of outstanding taxes and expenses incurred by

11   the U.S. Secret Service in connection with its custody and sale of the Property, of the

12   following:

13        a.    All unpaid principal due to Wells Fargo under the Deed of

14              Trust recorded in Sacramento County, California, as

15              instrument number 20020522 page 1005, and dated May 14,

16              2002 and recorded on May 22, 2002.  Said Deed of Trust

17              secured a promissory note in the original amount of

18              $250,000.00 dated May 14, 2002.  As of June 23, 2012, the

19              principal balance due and owing on the Note was

20              $223,862.33, together with accrued interest, including, but

21              not limited to, insurance premiums and property taxes, if any,

22              advanced under the terms of the Deed of Trust.

23        b.    All unpaid interest at the contractual base rate (not the default rate)

24              under the above Deed of Trust.  Interest is adjusted monthly to

25              correspond to a rate equal to 2.6% added to the Current Index

26              subject as set forth with specificity in the Note not to exceed

27              11.950%.  The total amount of interest owed as of June 23, 2012,

28

*Amended* Stipulation for Expedited
Settlement & Order

1    was $955.71.

2         c.    Reasonable attorney's fees not to exceed $3,500.00.

3         d.    A total fee of not more than $200 to process a beneficiary demand

4               statement and to record a reconveyance of the deed of trust.

5         e.    The exact amount to be paid to Wells Fargo shall be determined at

6               the time of payment, but shall not be less than the amounts set

7               forth above.

8         3.  The payment to Wells Fargo shall be in full settlement and satisfaction of all

9    claims by Wells Fargo to the Property indicted on or about June 20, 2002, and of all

10   claims arising from and relating to the seizure, detention, and forfeiture of the

11   Property.  The payment to Wells Fargo shall not include any penalty payments,

12   including any prepayment penalties.

13        4.  Upon payment, Wells Fargo agrees to assign and convey its security interest

14   to the United States via recordable documents and to release and hold harmless the

15   United States, and any agents, servants, and employees of the United States (and any

16   involved state or local law enforcement agencies and their agents, servants, or

17   employees), in their individual or official capacities, from any and all claims by Wells

18   Fargo and its agents that currently exist or that may arise as a result of the United

19   States' actions against and relating to the Property.  As against the United States and

20   its agents, Wells Fargo agrees to waive the provisions of California Civil Code § 1542,

21   which provides: "A general release does not extend to claims which the creditor does not

22   know or suspect to exist in his or her favor at the time of executing the release, which if

23   known by him or her must have materially affected his or her settlement with the

24   debtor."

25        5.  Wells Fargo agrees not to pursue against the United States any other rights

26   that it may have under the mortgage instrument, including but not limited to the right

27   to foreclose upon and sell the Property during the pendency of this proceeding or any

28

3

*Amended* Stipulation for Expedited
Settlement & Order

1  post-forfeiture proceeding relating to the marketing and sale of the property, and any

2  right to assess additional interest or penalties except as specifically allowed herein.

3      6. Wells Fargo understands and agrees that by entering into this expedited

4  settlement of its interest in the Property, it waives any rights to litigate further its

5  interest in the Property and to petition for remission or mitigation of the forfeiture.

6  Thereafter, if this Agreement is approved by the Court, then unless specifically directed

7  by an order of the Court, Wells Fargo shall be excused and relieved from further

8  participation in this action.

9      7. Wells Fargo understands and agrees that the United States reserves the right

10  to void the expedited settlement agreement if, before payment of the mortgage or lien,

11  the U.S. Attorney obtains new information indicating that the mortgagee or lien holder

12  is not an "innocent owner" or "bona fide purchaser" pursuant to the applicable forfeiture

13  statutes.  The U.S. Attorney also reserves the right, in its discretion, to terminate the

14  forfeiture at any time and release the Property.  In either event, the Government shall

15  promptly notify the mortgagee or lien holder of such action.  A discretionary

16  termination of forfeiture shall not be a basis for any award of fees.

17      8. The parties agree to execute further documents, to the extent necessary, to

18  convey clear title to the Property to the United States and to implement further the

19  terms of this settlement. Each party agrees to bear its own costs and attorneys' fees,

20  except as otherwise set forth herein.

21      9. Payment to Wells Fargo pursuant to this settlement agreement is contingent

22  upon a forfeiture of the Property to the United States, the United States' prevailing

23  against any third parties alleging claims in an ancillary proceeding, and the Court's

24  entry of a Final Order of Forfeiture.  Further, the terms of this settlement agreement

25  shall be subject to approval by the United States District Court.  Violation of any term

26  or condition herein shall be construed as a violation of an order of the Court.

27  ///

28

4

*Amended* Stipulation for Expedited
Settlement & Order

1    10.  Counsel for Wells Fargo represents that he has authority to enter into this

2    stipulation on behalf of his principal.

3    DATED:  10/24/12                         BENJAMIN B. WAGNER
                                              United States Attorney
4

5                                             /s/ Kevin C. Khasigian
                                              KEVIN C. KHASIGIAN
6                                             Assistant U.S. Attorney

7

8    DATED:  10/23/12                         /s/ Christopher Peterson
                                              CHRISTOPHER PETERSON
9                                             Attorney for Wells Fargo Home Mortgage
                                              (Signature retained by attorney)
10

11

12                                    **ORDER**

13         The Court having received, read, and considered the foregoing stipulation of the

14   parties, and good cause appearing therefrom, the *Amended* Stipulated Expedited

15   Settlement is hereby APPROVED.

16         It is so ORDERED.

17   DATED:  11/1/12

18                                            EDWARD J. GARCIA
                                              United States District Judge

19

20

21

22

23

24

25

26

27

28

                                    5                    *Amended* Stipulation for Expedited
                                                         Settlement & Order