UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 2:02-cr-00257 WBS |
| Plaintiff, | |
| v. | ORDER |
| ROLAND ADAMS, | |
| Defendant. | |

----oo0oo----

On August 5, 2020, defendant Roland Adams filed a Motion to Vacate or Set Aside Restitution, which he has supplemented with several additional filings.  (Docket Nos. 377, 380, 381, 382, 383, 385.)  Defendant apparently seeks to vacate his sentence to the extent that he was ordered to pay restitution in the amount of $1,201,092.90 pursuant to his convictions for conspiracy to commit mail fraud and wire fraud under 18 U.S.C. § 371 and conspiracy to launder money under 18 U.S.C. § 1956(h).

The court will deny defendant's motion.  Judge Edward J. Garcia, prior to reassignment of this case to the undersigned,

1

determined that defendant's plea agreement and guilty plea were valid and that his appellate waiver was valid after determining, among other things, that his counsel was not ineffective. (See Docket No. 355.) Moreover, in the plea agreement, defendant stated that he agreed that the preliminary restitution figure was $2,124.762.82, subject to final determination after the presentence report investigation, and defendant agreed to a factual basis stating that if all victims were called to testify at trial, the government could present evidence of actual losses in excess of $2.1 million -- both figures significantly higher than the ultimate restitution amount ordered by the court. (Docket No. 355 at 13, 22.)[1] Defendant has presented no argument or evidence that warrant disturbing Judge Garcia's determinations.

IT IS THEREFORE ORDERED that defendant's Motion to Vacate or Set Aside Restitution (Docket No. 377) be, and the same hereby is, DENIED.[2]

Dated: September 11, 2020

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

---

[1] The probation officer's recommendation for restitution in the amount of $1,201,092.90 was also supported by the "Declaration of Victim Losses" collected by the officer. (See Docket No. 104.)

[2] To the extent that any of defendant's other filings related to this motion could be construed as separate motions (Docket No. 380, 381, 382, 383, and 385), they are similarly DENIED.